08CV3816
JUDGE GUZMAN
MAGISTRATE JUDGE BROWN

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

RECEIVED

JUL  3 2008

Jul 3. 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Joesph Polichemi
Applicant/Petitioner,

vs

UNITED STATES OF AMERICA
Respondent,

Habeas Corpus Relief
under Title 28 § 1651

Case No. _____

**Now Comes,** the applicant, Joesph Polichemi, acting Pro Se, and moves for Relief from the

Judgement & Order of Conviction as issued by this Court in his criminal matter, on the

grounds that recent rulings by the Supreme Court, evidence that said judgement is in "error"

and is therefore, "unreasonable". Applicant further contends, that the Fourteenth Amendment

to the Federal Constitution, is invoked, and does apply protections for an **adjustment of**

**his sentence,** in direct correlation to that of the Supreme Court decision in **U.S. v Santos,**

U.S., No. 06-1005, entered June 2, 2008.

### Jurisdictional Statement

This District Court for the Northern District of Illinois, determined the original Sen-

tence, as imposed upon the Petitioner. Therefore, it is within its jurisdictional auth-

ority to correct its "error" which has been newly evidenced by the **Santos** decision as

rendered in the Supreme Court and supported by Justice Stevens of the Seventh Circuit.

### Facts Supporting Claims for Relief

The Petitioner, was sentenced by this Court, for "Wire Fraud" under Title 18 § 1343, and

"Money Laundering" under Title 18 §§ 1956, 1957. Additionally, he was enhanced by the Court

to Obstruction of Justice.

2.

The petitioner, has never invoked Habeas Corpus, prior to this matter, and since it is

well past the limit on a Rule §2255, it is left to the discretion of the Court to recog-

nize this Motion under the "All Writs Act" and accept its form so that it might do what

it is intended, grant correction, and relief.

1.

3.

The petitioner, contends, that the Supreme Court's recent decision in **Santos**, directly

applies to his conviction of "Money Laundering" and must be applied to his Sentence, as

is his Constitutionally protected benefit under the 14th Amendment.

4.

It is also stated, by the Supreme Court Justice Antonin Scalia, that this petitioner is,

"entitled to the benefit of the rule of **lenity** because, the language of the statute provides

just as much reason to think "proceeds" means "receipts" as to think it means **"profits"**.

(Id. Santos)

6.

For this Court to hold that the "Money Laundering" conviction is still **valid**, in light

of the Supreme Courts decision, would also go against the Appeals Court decision in

**U.S. v Polichemi**, 201 F.3d 858 (7th Cir. 2000), where the Court **clearly stated**; "the

trades were fictional; ...; nothing capable of generating **profits ever occurred**."

7.

As determined in **Santos**, the statute clearly invokes the use of "unlawful" **profits**,

which as stated by the Appeals Court were incapable of being made. It is also, reason-

able to conclude that had "profits" been made, that this criminal action would have

never been instituted in this Court.

8.

In reference to the use of "unlawful proceeds", it is clearly evidenced that

the funds were from legal sources, they were wired using legal methods, and each time

that the funds were moved, the banks kept perfect legal records, so that there was

never an attempt to **conceal** the transfers. Therefore, there was always a clear and

undeniable paper trail, which evidences that there were no **"profits"** **moved or concealed**.

9.

Since the petitioner, was in fact an employee of "Copol" and was employed as a C.E.O,

it was reasonable to assume he would be owed compensation for his efforts. It is also,

reasonable to assume that some of the "criminal receipts" may have been used to obtain

various properties that would support the affluent financial lifestyle. Just as in

the **Santos case,** these costs can not evidence and do not evidence that any **"profits"**

were made or used. As Judge Stevens stated in Santos; " while the broad interpretation

of "proceeds" urged by the government would lead to a perverse result" which it has in

this case. Stevens states further; that such matter may be correct when applied to cases,

"involving trafficking in contraband."

## 10.

There has never been a "legislative history" in the matter of one's belief in "prime

bank instruments", nor has there ever been any proof administered by Congress, that

"prime banks" do not indeed issue several different kinds of instruments. Therefore,

it would be impossible for this Court to determine that the petitioner violated the law,

by "laundering" "profits" from such and act, if there had indeed been any.

## 11.

The fact, that Polichemi, petitioner, in fact, believed wrongly in the existence of

these instruments, may have lead to a unintentional "wire fraud" scenario, which he

stands convicted of and is willing to conceed.

## 12.

Petitioner's mistake, never violated the "Money Laundering" statute and the mere (wire)

transportation of the funds out of the country, never evidenced that at any time the

funds were not traceable back to the original source. See: Santos for support.

## 13.

Reliance by this Court on the government's interpretation of the statute would be

**"clear error"**, for Santos concluded that "merely hiding funds is not sufficient to

violate the statute, even if substantial efforts have been expended", which they were

not in this case.

## 14.

The government introduced some evidence regarding the effect of the wires, "but

the Government has not pointed to any evidence in the record from which it could be

inferred beyond a reasonable doubt that a person like the petitioner knew that (the

3.

wires) would have had one of the relevant effects". (Id. Santos)

15.

Due to the nature of the evidence as presented, and the petitioner's acceptance of the
"Wire Fraud" conviction, it would be in "plain error" for this Court not to acknowledge
that the funds were in fact "criminal receipts" as in **Santos**. These "criminal receipts"
can not be held to be "proceeds" in light of the Supreme Courts determination, or in
light of the Stevens statement of "trafficking in contraband". Therefore, the conviction
of "Money Laundering" needs to be corrected of its "error", which is the duty of this
Court, and a protection of the Fourteenth Amendment.

16.

"When interpreting a criminal statute, we do not play the part of a mind reader. In our
seminal rule-of-lenity decision, Chief Justice Marshall rejected the impulse to speculate
regarding a dubious congressional intent. '[P]robability is not a guide which a court, in
construing a penal statute, can safely take." **U.S. v Wiltberger**, 5 Wheat. 76, 105 (1820),
And Justice Frankfurter, writing for the Court in another case, said the following; "When
Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the
ambiguity should be resolved in favor of lenity." **Bell v U.S.**, 349 US 81, 83 (1955)
(both cases quoted from Santos).

17.

The petitioner could cite much more from the Santos case, because its interpretation of
"proceeds" clarifies the "errors" made in the government's use of it and the Court's
adoption of their interpretation, but it should be enough, that this Court review the
instant matter **de novo**, when applying the Santos ruling as handed down by the Supreme
Court. This along with application of the Fourteenth Amendment should yield the asked
for relief.

## CONCLUSION & PRAYER OF RELIEF

This Petitioner, has been incarcerated for more than 147 months, on a sentence of 210.
The "Wire Fraud" conviction brought forth 60 months. The petitioner **prays**, that this Court
release him from any more incarceration, by Correction of this matter, and that the "Money

Laundering" conviction be removed from the record.

Petitioner would further request an Order issue from this Court for His Immediate

Release, without further constraint on his liberty by any means.

Respectfully Submitted;

Joseph Polichemi

30373-004

P.O. Box 33

Terre Haute, IN. 47808

5.

Proof of Service and Filing

I Joseph Polichemi, do attest that on this the 18th day of June, 2008, I did place in the inmate mail at the Federal Prison Camp in Terre Haute, Indiana, a copy of my Motion for Habeas Corpus Relief and Proof of Service. Additional copy was sent and provided to the U.S. Attorney for the Northern District of Illinois.

Clerk of the Court for the N. Dist. of Illinois
219 S. Dearborn St.
Chicagao, Ill. 60604

U.S. Attorney – Patrick Fitzgerald
219 S. Dearborn St.
Chicago, Ill. 60604

My signature below confirms the statements made above:

Joseph Polichemi
30373-004
P.O. Box 33
Terre Haute, IN. 47808