# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3816 | **DATE** | August 11, 2008 |
| **CASE TITLE** | Polichemi vs. United States | | |

**DOCKET ENTRY TEXT**

Petitioner's petition for writ of habeas corpus is denied without prejudice to filing such a petition in the district within which he is incarcerated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    In this court, Joseph Polichemi was previously convicted on money laundering and other charges, including violating 18 U.S.C. § 1956(a)(1)(A)(i). See generally United States v. Polichemi, 219 F.3d 698 (7th Cir. 2000), cert. denied, 531 U.S. 1168 (Feb. 20, 2001). Representing that it is too late to file a motion pursuant to 28 U.S.C. § 2255, Polichemi has filed a § 2241 habeas petition in which he contends his money laundering convictions violate the rule recently stated by the Supreme Court in United States v. Santos, 128 S. Ct. 2020 (2008). This same holding was first stated by the Seventh Circuit in United States v. Scialabba, 282 F.3d 475 (7th Cir. Feb. 28, 2002), just more than one year after Polichemi's conviction became final. Thus, Scialabba was also too late for Polichemi to timely raise in a § 2255 motion. See 28 U.S.C. § 2255(f)(1); Robinson v. United States, 416 F.3d 645 (7th Cir. 2005). Also, Santos has not been made retroactive on collateral review so that it can presently be raised in a § 2255 motion. See 28 U.S.C. § 2255(f)(3).

    No opinion is expressed as to whether Polichemi's § 2241 petition is timely even though Scialabba was decided more than six years ago. Also, no opinion is expressed as to whether any of Polichemi's money laundering convictions should be vacated in light of Santos nor as to any possible effect on his sentence. Instead, the habeas petition is being denied without prejudice because a § 2241 petition may only be brought in the district where plaintiff is incarcerated and plaintiff is incarcerated in Indiana. See 28 U.S.C. § 2241(a); Morales v. Bezy, 499 F.3d 668 (7th Cir. 2007). If Polichemi refiles his petition in Indiana, he should attach a copy of today's order as an exhibit.

Courtroom Deputy Initials:    cw